IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) OHIOHEALTH CORPORATION d/b/a ) RIVERSIDE METHODIST HOSPITALS, ) ) Defendant. ) ) _____ ) | CIVIL ACTION NO. 2:13cv780  **COMPLAINT**  DEMAND FOR A JURY TRIAL |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Laura Stone who was adversely affected by such practices.

As is alleged with greater particularity in the Statement of Claims below, Defendant discriminated against Ms. Stone when it failed to provide her with a reasonable accommodation for her actual disability (narcolepsy) and terminated her employment because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections

706(f)(1) and (3) of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio. 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all times relevant, Defendant OhioHealth Corporation has continuously been an Ohio corporation, doing business in Columbus, Ohio, and has continuously had at least 15 employees.

5. At all times relevant, Defendant OhioHealth Corporation has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

6. At all times relevant, Defendant OhioHealth Corporation has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Laura Stone ("Stone") filed a charge with the Commission alleging violations of Title I of the ADA by her former employer - Defendant OhioHealth Corporation ("Defendant").  All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least September 2009, Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A), by failing to provide Ms. Stone with a reasonable accommodation for her actual disability and for discharging her because of her disability.

9. Ms. Stone has narcolepsy, a physical impairment which substantially limits one or more of her major life activities and bodily functions including, but not limited to, sleeping and the functioning of her neurological system.

10. Ms. Stone is an individual with a disability within the meaning of the ADA who, at all times relevant, could perform the essential functions of several jobs at OhioHealth Corporation with or without a reasonable accommodation.

11. Ms. Stone was diagnosed with narcolepsy in, or around, August 2009 and restricted to working a day shift position.  She provided notice of her impairment and her restriction to Defendant shortly after her diagnosis.  In, or around, September 2009, Ms. Stone requested a reasonable accommodation in the form of reassignment to a vacant day shift position.

12. Defendant placed Ms. Stone on a medical leave of absence in September 2009 rather than reassigning her to a vacant day shift position for which she was qualified.

13. In, or around, October 2009, Defendant denied Ms. Stone's request for a reasonable accommodation when it failed to reassign her to a vacant day shift Scheduling Coordinator position. Ms. Stone could perform the essential functions of the Scheduling Coordinator position with or without a reasonable accommodation.

14. In, or around, November 2009, Defendant denied Ms. Stone's request for a reasonable accommodation when it failed to reassign her to a vacant day shift Senior Medical Records Associate position. Ms. Stone could perform the essential functions of the Senior Medical Records Associate position with or without a reasonable accommodation.

15. In, or around, December 2009, Defendant denied Ms. Stone's request for a reasonable accommodation when it failed to reassign her to a vacant day shift Patient Support Assistant position. Ms. Stone could perform the essential functions of the Patient Support Assistant position with or without a reasonable accommodation.

16. In, or around, January 2010, Ms. Stone attempted to engage in the interactive process with Defendant regarding her medical leave of absence and reassignment to a vacant day shift position as a reasonable accommodation. Defendant rebuffed Ms. Stone's efforts and failed to offer any reasonable effective alternatives.

17. Defendant terminated Ms. Stone on February 10, 2010 because of her disability rather than accommodating her request for reassignment to a vacant position for which she was qualified or extending her medical leave of absence.

18. The effect of the practices complained of in paragraphs 12-17 has been to deprive Ms. Stone, an individual with a disability, of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

19. As a direct and proximate result of these violations of her rights under the ADA, Ms. Stone has suffered damage in the form of past pecuniary losses.  In addition, she has suffered emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

20. The unlawful employment practices complained of herein were intentional.

21. The unlawful employment practices complained of herein were done with malice or with reckless indifference to Ms. Stone's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to reasonably accommodate any individual with a disability and from engaging in any employment practice which discriminates on the basis of a disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA.

D. Order Defendant to make whole Ms. Stone by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay.

E. Order Defendant to make whole Ms. Stone by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in paragraph 12 - 17, including, but not limited to, job search expenses and medical expenses, in amounts to be determined at trial.

F. Order Defendant to make whole Ms. Stone by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 12 -17, including emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

G. Order Defendant to pay Ms. Stone punitive damages for its malicious and reckless conduct described in paragraph 12 -17, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper.

I. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                      Respectfully submitted,
P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney


s/Maria Luisa Morocco
MARIA LUISA MOROCCO
Supervisory Trial Attorney


s/Keyana C. Laws
KEYANA C. LAWS
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Phone:        (215) 440-2642
Fax:          (215) 440-2848
Keyana.Laws@eeoc.gov