UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>PLAINTIFF,<br><br>vs.<br><br>OHIOHEALTH CORPORATION D/B/A RIVERSIDE METHODIST HOSPITAL,<br><br>DEFENDANT. | CASE NO. 2:13-CV-00780<br><br>JUDGE GREGORY L. FROST<br><br>MAGISTRATE JUDGE NORAH MCCANN KING |

### DEFENDANT OHIOHEALTH CORPORATION D/B/A RIVERSIDE METHODIST HOSPITAL'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant OhioHealth Corporation d/b/a Riverside Methodist Hospital ("Defendant") submits the following responses to Plaintiff Equal Employment Opportunity Commission's ("Plaintiff") First Set of Interrogatories. Defendant's legal counsel is prepared to meet with Plaintiff's counsel to discuss, and, if possible, resolve any disputes that may arise concerning the meaning, scope, and relevance of the Interrogatories. Defendant's responses have been prepared in accordance with Rules 33 of the Federal Rules of Civil Procedure and pursuant to a reasonably diligent search for the information requested. Defendant reserves the right to supplement these responses.

### DEFENDANT'S GENERAL OBJECTIONS

A.  Defendant objects to the Interrogatories to the extent they seek information beyond that which is allowed by Rule 33 of the Federal Rules of Civil Procedure and to the extent that they seek to impose any obligations upon Defendant inconsistent with or greater than the obligations imposed by the applicable Rules.

B.   Defendant has not yet completed its investigation of the facts related to this litigation. Consequently, all of the responses contained herein are based only on such information as is presently available. Accordingly, Defendant reserves the right to supplement these responses pursuant to the Federal Rules of Civil Procedure.

C.   Defendant objects to the Interrogatories to the extent they call for disclosure or production of information protected from disclosure by the attorney-client privilege, work product doctrine, any other privilege, or other grounds that protect information from disclosure. In addition, certain of these Interrogatories are so broad or ambiguous that privileged and/or work product information is arguably encompassed within the scope thereof, even though Defendant may not have specifically identified to date any information or documents that are being withheld. To the extent of the foregoing, Defendant objects to these Interrogatories as exceeding the scope of permissible discovery.

D.   Defendant objects to the Interrogatories to the extent they are overly broad, unduly burdensome, and seek information that is neither relevant nor likely to lead to the discovery of admissible evidence.

E.   Defendant objects to Plaintiff's definition of the term "Defendant" or "OHC" because Plaintiff's definition includes business units and/or entities that were not the employer of Laura Stone and/or were not alleged to have been involved in the issues underlying Plaintiff's complaint that OhioHealth Corporation d/b/a Riverside Methodist Hospital violated the Americans with Disabilities Act when it failed to accommodate Ms. Stone's request to be transferred to a vacant, day-shift position following her medical diagnosis in the late Summer 2009.

Subject to, and without waiving these objections, Defendant responds as follow:

        Hospital; Doctors Hospital; and, Dublin Methodist Hospital. In addition, as of 2010 OhioHealth was the parent organization and sole voting member of the following: Grady Memorial Hospital; Marion General Hospital, Inc.; Hardin Memorial Hospital; HomeReach; and, Doctors Health Corporation of Nelsonville. As of 2010, OhioHealth's Human Resources Department was made up of the following divisions: Associate Services; Benefit Administration; Clinical Education; Compensation Administration; Customer Service; Diversity Training; Eastside Surgery Payroll; Employment; Fellowship; HRIS; Human Resources Administration; Management Leadership Development; Organizational Development; SNAP; System Customer Service; and, Workforce Development. All departments within Human Resources reported to the Senior Vice President of Human Resources. As of 2010, Associate Health and Wellness was not organized into separate divisions. Associate Health and Wellness reported to the Vice President of OhioHealth Neighborhood Care.

3. Describe, in detail, the process by which Defendant solicited, received, screened, and processed applications for the day-shift positions (*see* Definition No. 9) that were or became vacant between August 1, 2009 and May 31, 2010 at any of Defendant's locations. For each day-shift position, your description should include, but not be limited to, the following:

    a. The manner in which each vacancy was announced and the date of the announcement;

    b. The time period for which applications were considered active for each position;

    c. The process for reviewing the applications for each position (include the name and job title of the reviewers);

    d. Whether, for each position, applicants were interviewed during the application process and if so, identify (*see* Definition No. 5) the applicant interviewed and the person (include the job title) who conducted the interview; and

    e. The name of the person hired for each position and the name and job title of the person who made the hiring decision.

**ANSWER:** Defendant objects to this Interrogatory to the extent that it is overly broad and seeks information that is not relevant or likely to lead to the discovery

of admissible evidence in that the Interrogatory seeks information regarding all day shift positions that were or became vacant at any of Defendant's locations between August 1, 2009 and May 31, 2010 without regard to whether Ms. Stone was qualified for the position in question or whether she applied for the position. Subject to and without waiving any general and specific objections, Defendant provides the following information with respect to the positions Ms. Stone applied to between August 2009 and her termination in February 2010:

- Administrative Services Coordinator, position number 901958: This position was posted internally on October 13, 2009 and removed on October 16, 2009. Ms. Stone applied to the position on October 14, 2009. Tonya Clark was the recruiter assigned to this position and responsible for reviewing the 10 applications submitted for this position. Jane Berkebile, System Vice President of Revenue Cycle, was the hiring manager. Susan Day was hired for this position.

- Clinical Receptionist, position number 901730: This position was posted on September 28, 2009, internally and externally, and removed on April 5, 2010. Ms. Stone applied to the position on October 4, 2009. EmmaLee Ponzio was the recruiter assigned to this position and responsible for reviewing the 117 applications submitted for this position. Celeste Thieman, System Director of Physician Practices OPS Specialty, was the hiring manager. This position was cancelled and not filled.

- Scheduling Coordinator, position number 901864: This position was posted on October 7, 2009, internally and externally. Ms. Stone applied to the position on October 14, 2009. EmmaLee Ponzio was the recruiter assigned to this position and responsible for reviewing the 221 applications submitted for this position. Celeste Thieman, System Director of Physician Practices OPS Specialty, was the hiring manager. Makenna Anderson was hired for this position.

- Senior Medical Records Associate, position number 902090: This position was posted on October 29, 2009, internally and externally. Ms. Stone applied to the position on November 17, 2009. Tony Clark was the recruiter assigned to this position and responsible for reviewing the 34 applications submitted for this position. Alison Mott, Manager of HIS Operations, was the hiring manager. Ruth Rauch was hired for this position.

- Patient Support Assistant, position number 902162: This position was posted internally on November 11, 2009 and externally on November 16, 2009. Ms. Stone applied to the position on November 17, 2009. Amie Sorge was the recruiter assigned to this position and responsible for reviewing the 201 applications submitted for this position. Barb

> McBride, Nurse Manager, was the hiring manager. Dawn Gibson was hired for this position.
>
> - Patient Support Assistant, position number 902672: This position was posted internally on December 10, 2009 and externally on December 17, 2009. Ms. Stone applied to this position on December 29, 2009. Amie Sorge was the recruiter assigned to this position and responsible for reviewing the 213 applications submitted for this position. Lettie Benline, Nurse Manager, was the hiring manager. Nancy Rozzo was hired for this position.

4. Identify and describe all qualifications for each day-shift position listed in response to Interrogatory No. 3 above.

> **ANSWER:** Defendant objects to this Interrogatory to the extent that it is overly broad and seeks information that is not relevant or likely to lead to the discovery of admissible evidence in that the Interrogatory seeks information regarding all day shift positions that were or became vacant at any of Defendant's locations between August 1, 2009 and May 31, 2010 without regard to whether Ms. Stone was qualified for the position in question or whether she applied for the position. Subject to and without waiving any general and specific objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Defendant states information with respect to the positions that Stone applied between August 1, 2009, and her termination in February 2010 may be derived or ascertained from the position descriptions produced in response to Request for Production No. 3 as well as documents previously produced by Defendant to Plaintiff in response to Ms. Stone's charge of discrimination (EEOC Charge No. 532-2010-01234).

5. Identify and describe all circumstances in which an employee requested transfer to a vacant position as a reasonable accommodation. In your response, identify all persons (*see* Definition No. 5) who made such a request and for each such person state the date of the request, the transfer sought, the outcome of the request (*e.g,* whether it was granted or denied), and the reason(s) for Defendant's decision.

> **ANSWER:** Defendant objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is not relevant or likely to lead to the discovery of admissible evidence because it seeks information unlimited in time and across all of Defendant's business units and/or entities, and all of its employees while the lawsuit only involves alleged discrimination against Laura Stone. Defendant objects to this Interrogatory

6