UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>PLAINTIFF,<br><br>vs.<br><br>OHIOHEALTH CORPORATION D/B/A RIVERSIDE METHODIST HOSPITAL,<br><br>DEFENDANT. | CASE NO. 2:13-CV-00780<br><br>JUDGE GREGORY L. FROST<br><br>MAGISTRATE JUDGE NORAH MCCANN KING |

### DEFENDANT OHIOHEALTH CORPORATION D/B/A RIVERSIDE METHODIST HOSPITAL'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant OhioHealth Corporation d/b/a Riverside Methodist Hospital ("Defendant") submits the following responses to Plaintiff Equal Employment Opportunity Commission's ("Plaintiff") First Request for Production of Documents. Defendant's legal counsel is prepared to meet with Plaintiff's counsel to discuss, and, if possible, resolve any disputes that may arise concerning the meaning, scope, and relevance of the Requests for Production of Documents. Defendant's responses have been prepared in accordance with Rule 34 of the Federal Rules of Civil Procedure and pursuant to a reasonably diligent search for the information requested. Defendant reserves the right to supplement these responses.

### DEFENDANT'S GENERAL OBJECTIONS

A. To the extent that these Requests seek confidential, proprietary, and/or financial information, Defendant will provide such information only after a suitable protective order.

B. Defendant has not yet completed its investigation of the facts related to this litigation. Consequently, all of the responses contained herein are based only on such information as is presently available. Accordingly, Defendant reserves the right to supplement these responses pursuant to the Federal Rules of Civil Procedure.

C. Defendant does not concede that any of the information or documents it will produce are or will be admissible evidence at trial or any evidentiary hearing. Further, Defendant does not waive any objection, whether or not asserted herein, to the use of any such documents at trial.

D. Defendant objects to Plaintiff's First Request for Production of Documents as they relate to requests for "each," "every," "all" and "any" documents of a particular type. Such a request is unreasonable, overly broad and unduly burdensome. Defendant is a corporation that maintains volumes of documents and records. They are used, handled, reviewed, organized, reorganized and filed by numerous employees and are retained and stored in myriad physical locations in several offices and buildings. Therefore, it is impossible for Defendant to verify that "each," "every," "all" or "any" documents or things can be produced. Defendant has made and will continue to make a good faith and diligent effort to locate responsive information and documents consistent with the General Objections and the specific objections to any discovery request.

E. Some of the Requests for Production of Documents contained herein appear to require information that is protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. In addition, certain of these Requests for Production of Documents are so broad or ambiguous that privileged and/or work product information is arguably encompassed within the scope thereof, even though Defendant may not have

specifically identified to date any information or documents that are being withheld. To the extent of the foregoing, Defendant objects to these Requests for Production of Documents as exceeding the scope of permissible discovery.

F.  Defendant objects to Plaintiff's definition of the term "Defendant" or "OHC" because Plaintiff's definition includes business units and/or entities that were not the employer of Laura Stone and/or were not alleged to have been involved in the issues underlying Plaintiff's complaint that OhioHealth Corporation d/b/a Riverside Methodist Hospital violated the Americans with Disabilities Act when it failed to accommodate Ms. Stone's request to be transferred to a vacant, day-shift position following her medical diagnosis in the late Summer 2009.

Subject to, and without waiving these objections, Defendant provides the following responses:

### DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents and electronically stored information that contain the factual bases for OHC's defenses.

> **RESPONSE:** Defendant objects to this request as overly broad and vague to the extent that it seeks "all" documents and electronically stored information and does not identify what type of documents it seeks. Defendant also objects to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving any general and specific objections, see all documents produced herein as well as the documents previously produced by Defendant to Plaintiff in response to Ms. Stone's charge of discrimination (EEOC Charge No. 532-2010-01234).

**REQUEST NO. 2:** All documents and electronically stored information which refer or relate in any way to Laura Stone's employment, whether or not they were prepared by, or relied upon by, Defendant (*see* Definition No. 3). This request specifically includes, but is not limited to,

**REQUEST NO. 4:** All documents and electronically stored information, including but not limited to internal and external job postings, advertisements, vacancy announcements, and bulletins, regarding any day-shift position (*see* Definition No. 5) at any of Defendant's (*see* Definition No. 3) locations that was or became vacant between August 1, 2009 and May 31, 2010. Any e-mails or drafts thereof, created, maintained, sent, and/or received by any individual identified in Defendant's Rule 26(a)(1) Initial Disclosures are to be produced in native format for Microsoft Outlook system, *viz*, "PST" files, with all metadata and attachments intact.

> **RESPONSE**: Defendant objects to this Request to the extent that it is overly broad and seeks information that is not relevant or likely to lead to the discovery of admissible evidence because the Request seeks "all documents and electronically stored information . . . regarding any day-shift position . . . at any of Defendant's locations that was or became vacant between August 1, 2009 and May 31, 2010" without reference to whether Ms. Stone was qualified for the position in question or whether she applied for the position. Defendant also objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendant further objects to producing emails in native format for Microsoft Outlook because Defendant utilized Lotus Notes during the time period covered by this Request and, therefore, nothing exists in native format for Microsoft Outlook. Subject to and without waiving any general and specific objections, see the document attached hereto at Tab 3 as well as the documents previously produced by Defendant to Plaintiff in response to Ms. Stone's charge of discrimination (EEOC Charge No. 532-2010-01234).

**REQUEST NO. 5:** All resumes and applications submitted by any candidate for the Scheduling Coordinator position to which Laura Stone sought transfer in, or around, October 2009; the Senior Medical Records Associate position to which Ms. Stone sought transfer in, or around, November 2009; and the Patient Support Assistant position to which Ms. Stone sought transfer in, or around, December 2009.

> **RESPONSE**: Defendant objects to this Request to the extent it is overly broad and seeks information that is not relevant or likely to lead to the discovery of admissible evidence because it seeks documents related to all candidates who applied to the positions in question without regard to whether the

person was selected for the position. Subject to and without waiving any general and specific objections, see documents attached hereto at Tab 4 as well as the documents previously produced by Defendant to Plaintiff in response to Ms. Stone's charge of discrimination (EEOC Charge No. 532-2010-01234). In addition, Defendant will produce the resumes and applications submitted by the individuals hired for the Scheduling Coordinator, Senior Medical Records Associate, and Patient Support Assistant positions to which Ms. Stone sought transfer in October, November and December 2009, respectively.

**REQUEST NO. 6:** All documents and electronically stored information which reflect Defendant's (*see* Definition No. 3) hiring and selection process, including but not limited to selection of candidates for interview and hire for the Scheduling Coordinator position to which Laura Stone sought transfer in, or around, October 2009; the Senior Medical Records Associate position to which Ms. Stone sought transfer in, or around, November 2009; and the Patient Support Assistant position to which Ms. Stone sought transfer in, or around, December 2009.

**RESPONSE**: Defendant objects to this Request to the extent it is overly broad and seeks information that is not relevant or likely to lead to the discovery of admissible evidence because the Request seeks all documents and electronically stored information relating to Defendant's hiring and selection process generally without limitation as to time at issue in this case or geographic location and business unit where Ms. Stone work. The Request is also overly broad and seeks information that is not relevant or likely to lead to the discovery of admissible evidence to the extent it seeks information beyond the positions that Ms. Stone sought transfer to in October, November, and December 2009, respectively. Subject to and without waiving any general and specific objections, see documents attached hereto at Tab 5 as well as the documents previously attached hereto at Tabs 3 and 4 and those produced by Defendant to Plaintiff in response to Ms. Stone's charge of discrimination (EEOC Charge No. 532-2010-01234).

**REQUEST NO. 7:** All communications (*see* Definition No. 4) between Laura Stone and Nancy Miller and/or other Associate Health and Wellness employees (*see* Definition No. 6). Any e-mails or drafts thereof are to be produced in native format for Microsoft Outlook system, *viz*, "PST" files, with all metadata and attachments intact.

6

**RESPONSE**: Defendant objects to this Request to the extent it is overly broad and seeks documents that are not relevant or likely to lead to the discovery of admissible evidence because the Request is unlimited in time and, therefore, seeks documents from a period of time not at issue in this lawsuit. Defendant further objects to this Request to the extent it is overly broad and seeks documents that are not relevant or likely to the discovery of admissible evidence because the Request seeks documents that are unrelated to the subject matter of Plaintiff's Complaint. Defendant also objects to producing emails in native format for Microsoft Outlook because Defendant utilized Lotus Notes during the time period covered by this Request and, therefore, nothing exists in native format for Microsoft Outlook. Subject to and without waiving any general and specific objections, see documents attached hereto at Tab 6.

**REQUEST NO. 8**: All documents and electronically stored information regarding Laura Stone that were created, maintained, set, and/or received by the individuals identified in Defendant's Rule 26(a)(1) Initial Disclosures between August 1, 2009 and the present. Any e-mails or drafts thereof are to be produced in native format for Microsoft Outlook system, *viz*, "PST" files, with all metadata and attachments intact.

**RESPONSE**: Defendant objects to this Request to the extent it is overly broad and seeks information that is not relevant or likely to lead to the discovery of admissible evidence as the Request seeks documents without regard to whether the documents relate to the issues raised in Plaintiff's Complaint. Defendant also objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Lastly, Defendant objects to producing emails in native format for Microsoft Outlook because Defendant utilized Lotus Notes during the time period covered by this Request and, therefore, nothing exists in native format for Microsoft Outlook. Subject to and without waiving any general and specific objections, see documents produced herein as well as the documents previously produced by Defendant to Plaintiff in response to Ms. Stone's charge of discrimination (EEOC Charge No. 532-2010-01234).

**REQUEST NO. 9**: All documents and electronically stored information created, maintained, sent, and/or received by any individual identified in Defendant's Rule 26(a)(1) Initial Disclosures that concerns any day-shift position (*see* Definition No. 5) that was or became vacant between August 1, 2009 and May 31, 2010 at any of Defendant's locations. Any e-mails

or drafts thereof are to be produced in native format for Microsoft Outlook system, *viz*, "PST" files, with all metadata and attachments intact.

> **RESPONSE:** Defendant objects to this Request to the extent that it is overly broad and seeks information that is not relevant or likely to lead to the discovery of admissible evidence in that the Request seeks "all documents and electronically stored information . . . that concerns any day-shift position . . . that was or became vacant between August 1, 2009 and May 31, 2010 at any of Defendant's locations" without reference to whether Ms. Stone was qualified for the position in question or whether she applied to the position. Defendant also objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Lastly, Defendant objects to producing emails in native format for Microsoft Outlook because Defendant utilized Lotus Notes during the time period covered by this Request and, therefore, nothing exists in native format for Microsoft Outlook. Subject to and without waiving any general and specific objections, see documents produced in response to Requests No. 4, 5, 6 and the documents previously produced by Defendant to Plaintiff in response to Ms. Stone's charge of discrimination (EEOC Charge No. 532-2010-01234).

**REQUEST NO. 10:** Any documents and electronically stored information (including organizational charts) which reflect the following:

a. Defendant's (*see* Definition No. 3) corporate structure;

b. Relationships between any parent corporation, subsidiaries, and/or affiliated entities;

c. The organizational and hierarchal structure for all Defendant and other entities identified in the subparts above, including the Human Resources and Associate Health and Wellness departments.

> **RESPONSE:** Defendant objects to this Request to the extent it is overly broad and seeks information that is not relevant or likely to lead to the discovery of admissible evidence because the Request is not limited to any time period and seeks information from entities that did not employ Ms. Stone and/or that have not been alleged to have been involved in the issues in this lawsuit. Defendant also objects to this request as overly broad to the extent that it seeks "all" information related to the topics mentioned in the request. Subject to and without waiving any general and specific

8