IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION,**

        **Plaintiff,**

  **vs.**                                         **Civil Action 2:13-cv-780**
                                                        **Judge Frost**
                                                        **Magistrate Judge King**

**OHIOHEALTH CORPORATION,**

        **Defendant.**

**OPINION AND ORDER**

**I.**   **Background**

     Plaintiff the Equal Employment Opportunity Commission ("EEOC") brings this action on behalf of Laura Stone, alleging that defendant OhioHealth Corporation discriminated against Ms. Stone in contravention of the ADA, 42 U.S.C. § 12101 *et seq.*, when it failed to reasonably accommodate her disability, *i.e.*, narcolepsy, and terminated Ms. Stone's employment because of her disability.  The *Complaint*, ECF 1, specifically alleges that defendant denied Ms. Stone's request for a reasonable accommodation when it denied her request for reassignment to a vacant day shift position for which she was qualified, including the vacant day shift positions for Scheduling Coordinator, Senior Medical Records Associate, and Patient Support Assistant.  *Id*. at ¶¶ 12-17.  The *Complaint* further alleges that Ms. Stone "attempted to engage in an interactive process with Defendant regarding her medical leave of absence and reassignment to a vacant

1

day shift position as a reasonable accommodation," but that defendant "rebuffed Ms. Stone's efforts and failed to offer any reasonable effective alternatives."  *Id*. at ¶ 16.

This matter is now before the Court for consideration of *Defendant OhioHealth's Motion to Compel Discovery* ("*Defendant's Motion to Compel*"), ECF 20.  *Defendant's Motion to Compel* seeks to compel the production of signed medical authorizations for two of Ms. Stone's health care providers to enable defendant to subpoena plaintiff's medical records, and to compel response to defendant's second and third requests for production of documents.  Plaintiff opposes *Defendant's Motion to Compel*, *Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Compel* ("*Plaintiff's Response*"), ECF 30, and defendant has filed a reply, *Defendant's Reply*, ECF 33.

Plaintiff has also filed a motion to strike *Defendant's Motion to Compel,* arguing that defendant's Rule 37.2 certification contains false statements.  *Plaintiff's Motion to Strike Defendant's Motion to Compel for Reliance on Rule 37.2 Certification that Contains False Statements* ("*Plaintiff's Motion to Strike*"), ECF 21.  Because *Plaintiff's Motion to Strike* asserts a basis for denying *Defendant's Motion to Compel*, the Court will consider the motion and the related briefing in its consideration of *Defendant's Motion to Compel*.

For the reasons that follow, *Defendant's Motion to Compel* is **GRANTED in part and DENIED in part**.  *Plaintiff's Motion to Strike* is **DENIED**.

2

**II. Standard**

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide proper response to requests for production of documents under Rule 34.  Fed. R. Civ. Pro. 37(a)(3)(B).  "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant."  *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Relevance for discovery purposes is extremely broad.  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence."  *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).  However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."  *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)).  *See also Lewis*, 135 F.3d at 402 (determining the proper scope of discovery falls

3

within the broad discretion of the trial court).  In determining the proper scope of discovery, a district court balances a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg. Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

Finally, the party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  *See also* S.D. Ohio Civ. R. 37.2.

**III. Discussion**

Defendant's counsel has certified that extrajudicial measures were undertaken in an effort to resolve these discovery disputes prior to filing *Defendant's Motion to Compel*.  *See Defendant's Motion to Compel*, Exhibit A.  The Court is not, however, convinced that defendant exhausted extrajudicial means of resolving all of the parties' disputes.  The only attempt to resolve the dispute related to defendant's second request for production of documents was an oral request that plaintiff supplement its responses.  *Defendant's Motion to Compel*, Exhibit A at ¶ 4.  There is no indication that defendant discussed the substance of the dispute prior to filing *Defendant's Motion to Compel*.  Defendant also concedes that it made no effort to resolve the dispute related to its third request for production of documents prior to filing *Defendant's Motion to Compel*.  ECF 24, p. 4.  Defendant explains that it lacked sufficient time prior to the

4

discovery completion deadline to permit such efforts. *Id*.[1] However, the parties had more than nine months to complete discovery. Moreover, the requirement that parties attempt to resolve their discovery disputes is unconditional. *See* Fed. R. Civ. P. 37(a)(1); S.D. Ohio Civ. R. 37.2. Nevertheless, and despite these deficiencies, the parties' briefing suggests that at least some aspects of their current disputes are unlikely to be resolved without judicial intervention. Considering the impending trial date and the parties' opposing positions on the relevance of the requested discovery, the Court concludes that its discretion is better exercised in resolving the parties' disputes.

*Defendant's Motion to Compel* seeks to compel plaintiff to provide medical authorizations for the release of information held by two of Ms. Stone's health care providers, Kimberly Stock, M.D., and the Riverside Methodist Hospital Emergency Department ("Emergency Department"). Defendant argues that the records held by these providers are relevant because Ms. Stone

> was admitted to the Emergency Department in or around August 2009, which caused her to be referred to Dr. Jones (the neurologist who diagnosed her with possible narcolepsy) for further examination. Dr. Jones's medical records indicate that he has communicated with Dr. Stock regarding Ms. Stone's possible narcolepsy.

*Defendant's Motion to Compel*, pp. 6-7. Defendant also argues that, based on Ms. Stone's testimony that she was medically unable to work

---

[1] The *Preliminary Pretrial Order*, ECF 7, p. 3, requires that "[d]iscovery related motions, if any, must be filed prior to" the September 1, 2014 discovery completion date.

5

following the termination of her employment because of issues unrelated to her narcolepsy, Dr. Stock "is believed to have information related to back pay." *Id*. at p. 7.

Plaintiff argues that defendant's proposed medical releases are overbroad and seek irrelevant information. *Plaintiff's Response*, pp. 8-12. Plaintiff seems to specifically argue that none of the medical records sought by defendant are relevant. *See id*. at pp. 8-9. Plaintiff also argues that medical records are irrelevant to the issue of back pay because "the relevant time period establishing back pay is a question of law." *Id*. at p. 9.

The *Complaint* alleges that defendant discriminated against Ms. Stone in contravention of the ADA when it failed to reasonably accommodate her actual disability. In order to establish a *prima facie* case of failure to accommodate, plaintiff must show, *inter alia*, that Ms. Stone is disabled within the meaning of the Act. *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 982 (6th Cir. 2011). Documents related to Ms. Stone's alleged narcolepsy are therefore relevant to this action.

As to back pay, Ms. Stone cannot recover damages for lost wages and benefits for any period during which she was unavailable for work because of unrelated injury or disability. *See Geiger v. Pfizer, Inc.*, No. 2:06-CV-636, 2009 WL 1026479, at *10 (S.D. Ohio Apr. 15, 2009). Documents related to Ms. Stone's alleged inability to work following her termination because of issues unrelated to her ADA claim are therefore relevant to the determination of back pay. The fact

6

that the issue of back pay also presents a question of law does not work to deprive defendant of access to relevant information. *See* Fed. R. Civ. P. 26(b)(1). Indeed, plaintiff seems to acknowledge this point. *See Plaintiff's Response*, p. 10 ("Had Defendant actually engaged in good faith efforts to resolve its dispute, the parties could have stipulated to the temporal scope of Ms. Stone's 2013 work restrictions.").

Plaintiff next argues that Ms. Stone cannot be compelled to execute a medical authorization under Rule 34 and that defendant's suggested medical release is overly broad in both substantive and temporal terms. *Plaintiff's Response*, pp. 10-11. Defendant's proposed medical releases seek essentially all of the providers' medical records relating to Ms. Stone from January 1, 2009, through the present. *Plaintiff's Response*, Exhibits 2, 3. The proposed releases are not limited in any meaningful way to the treatment records relating to plaintiff's alleged disability or the alleged disability in 2013 that may impact an award of back pay. In this regard, defendant's requested medical releases are overbroad.

Defendant does not disagree with plaintiff's contention that Ms. Stone cannot be compelled to sign medical releases for the release of her medical records to defendant. *See Defendant's Reply*, p. 5. *But see Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 548 (S.D. Ohio 2014) (compelling a plaintiff to execute releases for her medical information). However, defendant cites to *Mullins v. Toyota Motor Mfg.*, 28 F. App'x 479 (6th Cir. 2002), and argues that "the

7

Sixth Circuit has found that it is appropriate to dismiss an ADA claim when the employee refuses to sign a release for her medical records." *Defendant's Reply*, p. 5. Defendant's reliance on *Mullins* is misplaced. The court in *Mullins* affirmed a district court's dismissal of the plaintiff's ADA claims because the plaintiff had failed to cooperate in discovery, had refused to comply with court orders, and had failed to provide access to medical records relating to the plaintiff's allegedly disabling condition. *Mullins*, 28 F. App'x at 481. The facts underlying this dispute simply cannot be compared to those in *Mullins*. Defendant does not contest that it cannot compel Ms. Stone to sign a medical release and its proposed releases are overbroad. Defendant's request to compel Ms. Stone to sign medical releases for Dr. Stock and the Emergency Department is therefore denied.[2]

*Defendant's Motion to Compel* also seeks to compel response to the following requests for production of documents : (1) "Any and all documents prepared by the EEOC or received by the EEOC between January 1, 2009 and the present related to reassignment and/or transfer as a form of reasonable accommodation . . . ."; (2) "Any and all documents related to complaints and/or charges of disability discrimination filed against the EEOC by its employees regarding reassignment and/or transfer as a form of reasonable accommodation between January 1, 2009 and the present . . . ."; and (3) "The EEOC's internal policies on

---

[2] Defendant is not without a remedy; the relevant underlying medical documents are subject to production upon request. *See Ward v. ESchool Consultants, LLC*, No. 2:10-cv-866, 2011 WL 4402784, at *1 (S.D. Ohio Sept. 21, 2011).

8

reasonable accommodation, transfer, medical leave of absence, and any and all documents related thereto . . . ." *Defendant's Motion to Compel*, Exhibit B at pp. 2-3. Plaintiff argues that defendant's requests are over-broad, irrelevant, and seek publically available documents. *Plaintiff's Response*, pp. 4-8. The Court agrees that defendant has failed to carry its burden of establishing that the information sought by these requests is relevant to the issues presented in this case.

The second request seeks approximately five years' worth of documents related to complaints made against the EEOC itself by its own employees and related to reassignment and/or transfer as a form of reasonable accommodation. Defendant argues that this information will permit defendant "to understand the EEOC's position on the issue when having to defend an allegation as an employer instead of in the role of prosecutor, as the EEOC is known to take different positions on issues when it is acting as an employer." *Defendant's Motion to Compel*, p. 4. Notably, defendant does not argue that these requests are likely to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). The EEOC's actions as an employer or as a litigant in other cases are simply not relevant to this case.

The first request seeks all documents prepared or received by the EEOC over a five year period and related to reassignment and/or transfer as a form of reasonable accommodation. Defendant seeks these documents "[b]ased on the EEOC's contention that OhioHealth's policy on reassignment violated Ms. Stone's rights under the ADA."

9

*Defendant's Motion to Compel*, p. 4. Similarly, the third request seeks all documents related to the EEOC's internal policies on reasonable accommodation, transfer, and medical leave of absence. Defendant argues that this request is relevant because

> the EEOC has taken exception to OhioHealth's employment policies on reasonable accommodation, transfers, and medical leaves of absences, OhioHealth has sought documents related to the EEOC's own policies and procedures. The documents that OhioHealth seeks from the EEOC are very similar to the documents that the EEOC sought from OhioHealth and covered by the EEOC in its Rule 30(b)(6) deposition of an OhioHealth representative.

*Defendant's Motion to Compel*, p. 5. Defendant argues that both requests are relevant because plaintiff alleges that defendant violated Ms. Stone's rights under the ADA.

Although it is clear that the claim of failure to accommodate Ms. Stone's alleged disability will involve evidence of defendant's policies and practices on reasonable accommodation, transfers, and medical leaves of absence, the EEOC's own internal policies or practices as an employer are simply not relevant to this action.

Citing to *EEOC v. Kaplan Higher Educ. Corp.*, No. 1:10-cv-2882, 2011 WL 2115878 (N.D. Ohio May 27, 2011), and *EEOC v. Freeman*, No. RWT-09-2573, 2012 WL 3536752 (D. Md., Aug. 14, 2012), defendant argues that "[c]ourts handling cases brought by the EEOC have determined that information and documents related to the EEOC's internal policies and procedures are relevant and discoverable where the EEOC has challenged similar policies and procedures of an employer." *Defendant's Motion to Compel*, p. 7. The Court notes, initially, that plaintiff's first

10

and second requests are not limited to the EEOC's own policies and procedures.  The first request seeks the production of documents prepared <u>or received</u> by the EEOC over the course of a five year period and related to a range of topics.  The second request seeks the production of documents related to complaints of disability discrimination filed against the EEOC.

As to the third request, which does seek documents related to the EEOC's own internal policies and procedures, the Court is not persuaded by the cases cited by defendant. In *EEOC v. Kaplan Higher Educ. Corp.*, No. 1:10-cv-2882, 2011 WL 2115878 (N.D. Ohio May 27, 2011), the EEOC alleged that the defendant's use of credit history in hiring and discharge had subjected a class of minority job applicants and incumbents throughout the United States to a pattern or practice of race discrimination.  *Id*. at *1.  The trial court found that, because the EEOC had alleged that the defendant's "use of credit history checks is not job-related or consistent with business necessity, and that there are less discriminatory alternatives available," "[w]hether the EEOC uses background or credit checks in hiring its employees is relevant to whether such measures are a business necessity."  *Id*. at *4.

In *EEOC v. Freeman*, No. RWT-09-2573, 2012 WL 3536752 (D. Md., Aug. 14, 2012), the EEOC alleged that the defendant had violated the ADA "by engaging in an ongoing pattern and practice of unlawful discrimination against African–American, Hispanic, and male job applicants by examining their criminal and credit histories when

11

considering whether to employ them." *Id*. at *1. The trial court determined that the EEOC's own use of credit and criminal histories was relevant to the defendant's affirmative defense of business necessity: "if Plaintiff uses hiring practices similar to those used by Defendant, this fact may show the appropriateness of those practices, particularly because Plaintiff is the agency fighting unfair hiring practices." *Id*. at *2 (citing *Kaplan Higher Educ. Corp.*, 2011 WL 2115878 at *4).

The case presently before this Court is distinguishable from *Kaplan* and *Freeman*. The *Complaint* alleges that defendant violated the ADA by failing to reassign Ms. Stone as a reasonable accommodation for her actual disability and by terminating Ms. Stone's employment because of her disability. This claim does not turn on any disparate impact of defendant's policies on a class of individuals, and defendant does not argue that the EEOC's policies are relevant to any affirmative defense.

Considering the foregoing, defendant has not shown that its second request for production of documents seeks relevant information.

Defendant also seeks to compel response to its third request for production of documents. Defendant specifically seeks response to Request No. 9:

> Any and all documents prepared by the EEOC or received by the EEOC between January 1, 2009 and the present related to damages available to individuals alleging a violation of the Americans with Disabilities Act of 1990, as amended, for their employer's failure to reassign and/or transfer them as a form of reasonable accommodation, including but not limited to internal memoranda, interpretive guidance,

12

> enforcement manuals and/or guidance, fact sheets, advanced notice of proposed rulemaking and comments in response thereto, joint publications, commission meeting agendas, commission meeting transcripts, press releases, special reports, senate and/or house hearings and testimony, compliance manuals, policy statements, policy guidance, interim enforcement guidance and/or manuals, instructions for field offices, question and answer documents, and memorandum of understanding.

*Defendant's Motion to Compel*, Exhibit C at p. 6.

Defendant "believes that the EEOC's damages expert has not complied with its own internal guidance and policy statements with respect to the calculation of damages," *Defendant's Motion to Compel*, p. 5, and it seeks to impeach the EEOC's expert with evidence that "the EEOC's employee expert is not following its own guidance, procedures, training, and other writings on the calculation of damages." *Defendant's Reply*, p. 7.  Defendant accordingly argues that its document request seeking "internal documents related to the proper way to calculate damages" is relevant to this action. *Defendant's Motion to Compel*, p. 5. The Court agrees that, because plaintiff's damages expert is an economist employed by the EEOC, evidence of the EEOC's "internal documents related to the proper way to calculate damages" is relevant to this action.  As so narrowed, defendant's document request is proper. As it relates to defendant's request to compel response to its third request for production of documents, as now narrowed by defendant, *Defendant's Motion to Compel* is therefore granted.

Wherefore, based on the foregoing, *Defendant's Motion to Compel*, ECF 20, is **GRANTED in part and DENIED in part,** consistent with the

13

foregoing.  *Plaintiff's Motion to Strike*, ECF 21, is **DENIED**.


October 17, 2014                         *s/Norah McCann King*
                                      Norah M$^c$Cann King
                                 United States Magistrate Judge