```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

  vs.                            Civil Action 2:13-cv-780
                                  Judge Frost
                                  Magistrate Judge King

OHIOHEALTH CORPORATION,

        Defendant.

## OPINION AND ORDER

**I.  Background**

    Plaintiff the Equal Employment Opportunity Commission ("EEOC") brings this action on behalf of Laura Stone, alleging that defendant OhioHealth Corporation discriminated against Ms. Stone in contravention of the ADA, 42 U.S.C. § 12101 *et seq.*, when it failed to reasonably accommodate her disability, *i.e.,* narcolepsy, and terminated Ms. Stone's employment because of her disability.  The *Complaint*, ECF 1, specifically alleges that defendant denied Ms. Stone's request for a reasonable accommodation when it denied her request for reassignment to a vacant day shift position for which she was qualified, including the vacant day shift positions for Scheduling Coordinator, Senior Medical Records Associate, and Patient Support Assistant.  *Id*. at ¶¶ 12-17.  The *Complaint* further alleges that Ms. Stone "attempted to engage in an interactive process with Defendant regarding her medical leave of absence and reassignment to a vacant

1

day shift position as a reasonable accommodation," but that defendant "rebuffed Ms. Stone's efforts and failed to offer any reasonable effective alternatives." *Id.* at ¶ 16.

This matter is now before the Court for consideration of plaintiff's motion to compel response to interrogatories and the production of documents and for a 90 day extension of the discovery completion deadline. *Plaintiff's Motion to Compel Responses to Discovery Requests* ("*Plaintiff's Motion to Compel*"), ECF 18. Defendant opposes *Plaintiff's Motion to Compel*, *Defendant's Response in Opposition to Plaintiff's Motion to Compel* ("*Defendant's Response*"), ECF 22, and plaintiff has filed a reply, *Plaintiff's Reply*, ECF 28. For the reasons that follow, *Plaintiff's Motion to Compel* is **GRANTED.**

**II. Standard**

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide a proper response to an interrogatory under Rule 33 or a proper response to a request for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970). However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)). *See also Lewis*, 135 F.3d at 402 (determining the proper scope of discovery falls within the broad discretion of the trial court). In determining the proper scope of discovery, a district court balances a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg. Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

Finally, the party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.2. This prerequisite has been met here.

3

**III. Discussion**

Plaintiff seeks to compel defendant to fully respond to Plaintiff's Interrogatory Nos. 3 and 4 and to Plaintiff's Request for Production of Documents Nos. 4, 6, and 9.  Plaintiff's discovery requests seek information and documents related to all day-shift positions that were, or became, vacant after Ms. Stone requested to be reassigned to a day-shift position. *See Plaintiff's Motion to Compel*, pp. 1-4.  Defendant produced information and documents related to the seven positions for which Ms. Stone actually applied, including the three positions identified in the *Complaint*.  *See Defendant's Response*, p. 2.  The parties disagree whether information related to the vacant positions for which Ms. Stone did not apply is relevant in this action.  Plaintiff argues that information related to all vacant day-shift positions for which Ms. Stone met the minimum educational requirements is relevant because defendant had a duty to identify job vacancies as a reasonable accommodation.  *See Plaintiff's Motion to Compel*, p. 6; *Plaintiff's Reply*, p. 2.  Defendant argues that only the positions for which Ms. Stone actually applied are relevant to the issue of reasonable accommodation.  *Defendant's Response*, p. 12.

The ADA prohibits discrimination "against a qualified individual on the basis of disability," 42 U.S.C. § 12112(a), and defines "discrimination" to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability."  42 U.S.C. § 12112(b)(5)(A).  The Act further defines "reasonable accommodation" to include

4

> **(A)** making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and
>
> **(B)** job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9). Where, as here, the discrimination claim is based on failure to accommodate a disability, the plaintiff "'bears the initial burden of proposing an accommodation and showing that that accommodation is objectively reasonable.'" *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 457 (6th Cir. 2004) (internal quotations omitted) (quoting *Cassidy v. Detroit Edison Co.,* 138 F.3d 629, 633–34 (6th Cir. 1998)). "If a plaintiff's requested accommodation is a transfer to a different position, 'employers have a duty to locate [a] suitable position.'" *Rorrer v. City of Stow*, 743 F.3d 1025, 1040 (6th Cir. 2014) (quoting *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 870 (6th Cir. 2007)). "'Nonetheless, to overcome summary judgment, the plaintiff generally must identify the specific job he seeks and demonstrate that he is qualified for that position.'" *Id*. (quoting *Kleiber*, 485 F.3d at 870). "'[A]n employer need only reassign the employee to a vacant position.'" *Id*. (quoting *Cassidy,* 138 F.3d at 634).

Defendant acknowledges that "employers have a duty to locate suitable positions for disabled employees." *Defendant's Response*, p. 12. Defendant cites to *Burns v. Coca-Cola Enters., Inc.*, 222 F.3d

5

247, 257-58 (6th Cir. 2000), and argues that "employees may not recover unless they propose, or apply for, particular alternative positions for which they are qualified." *Defendant's Response*, p. 12 (emphasis and quotations omitted). Defendant further argues that, because Ms. Stone utilized defendant's transfer request policy to apply for seven different positions with defendant, her "failure to apply to additional positions precludes her from arguing that OhioHealth violated the ADA by not transferring her to a vacant position to which she never applied." *Id*. at pp. 12-13.  "Because OhioHealth was only required to consider Ms. Stone for positions to which she applied," defendant argues, "all the other positions to which Ms. Stone did not apply are irrelevant." *Id*. at p. 13.

In *Burns*, the United States Court of Appeals for the Sixth Circuit affirmed the district court's grant of summary judgment to an employer on an ADA claim for failure to transfer an employee to a different position as a reasonable accommodation for a disability. The plaintiff in *Burns* filled out two applications for transfer pursuant to the employer's transfer policy.  The employee was not qualified for one position and was not selected for the other position because he told the interviewer he "'wasn't sure [he] would like it, but [he] could try.'"  The employee did not apply for a number of other posted positions for which he was qualified. *Burns*, 222 F.3d at 251.  The Sixth Circuit in *Burns* held that the employer did not violate its duty to accommodate the employee through reassignment because the employer had a "non-discriminatory policy requiring [the

6

employee] to apply for a transfer to a new position within his restrictions" and the employee failed "to request a transfer to a new position for which he was otherwise qualified." *Id.* at 258. According to the Sixth Circuit, "[a]llowing [the employee] to recover despite his failure to abide by [the employer's] non-discriminatory policy requiring him to apply for a transfer to a new position within his restrictions would 'convert a nondiscrimination statute into a mandatory preference statute, a result which would be inconsistent with the nondiscriminatory aims of the ADA.'" *Id.* (quoting *Dalton v. Subaru-Isuzu Auto., Inc.*, 141 F.3d 667, 679 (7th Cir. 1998)).

The dispute presently before the Court is distinguishable from that presented in *Burns*. Notably, this matter is before the Court on a motion to compel, not a motion for summary judgment. Defendant seeks to limit the scope of discovery on the basis that Ms. Stone allegedly failed to comply with defendant's transfer policy. However, unlike in *Burns*, the parties have not submitted evidence of defendant's policies for the Court's consideration. It would therefore be improper at this juncture to find that defendant has a non-discriminatory transfer policy or that plaintiff failed to comply with that policy. It follows that to limit discovery on either basis would be improper.

*Citing Moore v. Abbott Labs.*, No. 2:05-cv-1065, 2007 WL 4171627 (S.D. Ohio Nov. 20, 2007), and *Wagner v. Novartis Pharm. Corp.*, No. 3:07-cv-129, 2008 WL 426503 (E.D. Tenn. Feb. 14, 2008), defendant also argues that "courts routinely limit discovery in employment cases to

7

positions in which the plaintiff actually applied." *Defendant's Response*, p. 11. The cases upon which defendant relies are inapposite. Plaintiff's claim is not premised on failure to hire, *see Moore*, 2007 WL 4171627, or on a failure to promote, *Wagner*, 2008 WL 426503 a *2 ("Given that the adverse employment action at issue is a failure to promote, the proof in this case will necessarily be fact specific to the positions applied for and the qualifications of the various candidates, and selectees, for the positions."), where a limited number of jobs are at issue. Similarly, this is not a case in which the plaintiff is attempting to use discovery to uncover new ADA violations. *See EEOC v. CRST Van Expedited Inc.*, 679 F.3d 657, 675-76 (8th Cir. 2012). Plaintiff alleges that defendant denied Ms. Stone's request for a reasonable accommodation when it denied her request for reassignment to a vacant day shift position for which she was qualified. *See Complaint*, ¶¶ 12-17. Defendant had a duty to locate a suitable position once Ms. Stone requested a transfer to a different position as an accommodation, *see Rorrer*, 743 F.3d at 1040 (quoting *Kleiber*, 485 F.3d at 870), and plaintiff will bear the burden of showing that a vacant position existed and that Ms. Stone was qualified for that position. *Kleiber*, 420 F. Supp. 2d at 821 (citing *McCreary v. Libbey-Owens-Ford Co.*, 132 F.3d 1159, 1165 (7th Cir. 1997)). *See also Coulson v. The Goodyear Tire & Rubber Co.,* 31 F. App'x 851, 857 (6th Cir. 2002) ("Since [the plaintiff] failed to offer proof that there were currently available positions for which he was qualified, he cannot prevail.") (citing *Smith v. Ameritech*, 129 F.3d

857, 867 (6th Cir. 1997)).  Discovery related to defendant's vacant day-shift positions for which Ms. Stone met the minimum educational requirements is therefore likely to lead to the discovery of admissible evidence.  *Cf*. *Willard v. Potter*, 264 F. App'x 485, 488 (6th Cir. 2008) (affirming summary judgment on a disability discrimination claim under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et. seq.*, alleging a failure to reasonably accommodate a disability with reassignment to a different position: "The Postal Service contends that it did engage in a sufficient interactive process, but we need not decide whether or not it did.  Even if it did not, summary judgment is warranted by the failure of the plaintiff after discovery to identify a vacant, funded position that the interactive process would have led to."); *Crabhill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314 (4th Cir. 2011) (finding genuine issues of material fact regarding whether a school board could have accommodated a guidance counselor's disability by transferring her to another school, where the counselor was told about only one of the seven or eight vacancies in the district); *Jackan v. New York State Dep't of Labor*, 205 F.3d 562, 568 n.4 (2d Cir. 2000) ("[The plaintiff] suggests that placing the burden on the plaintiff to prove the existence of a vacancy is unfair, given the employer's greater access to this information.  This concern is over-stated.  Once the litigation has begun, the plaintiff can utilize the liberal discovery procedures of the Federal Rules of Civil Procedure, including

9

interrogatories, depositions, and document demands, to identify vacancies that existed at the pertinent time.").

In short, plaintiff's discovery requests fall within the ambit of discoverable information, see Fed. R. Civ. P. 26(b)(1), and *Plaintiff's Motion to Compel* is, to this extent, meritorious.

*Plaintiff's Motion to Compel* also seeks a 90 day extension of the discovery completion deadline. *Plaintiff's Motion to Compel*, p. 8. Plaintiff represents that an extension is necessary because it has been unable to discover what suitable positions were available for Ms. Stone and to depose witnesses regarding vacant positions without the requested discovery. *Id.* As noted *supra*, plaintiff will bear the burden of showing that a vacant position existed and that Ms. Stone was qualified for that position. *See Kleiber*, 420 F. Supp. 2d at 821. The requested discovery is directly related to this inquiry and, absent an extension of the discovery completion deadline, plaintiff may be unreasonably hampered in its ability to carry this burden. Plaintiff has therefore demonstrated good cause for an extension of the discovery completion deadline. *See* Fed. R. Civ. P. 16(b).

**WHEREFORE** *Plaintiff's Motion to Compel*, ECF 18, is **GRANTED**. With the agreement of the assigned District Judge, defendant is **ORDERED** to respond to Plaintiff's Interrogatory Nos. 3 and 4 and to Plaintiff's Request for Documents Nos. 4, 6, and 9 by November 11, 2014. All remaining discovery must be completed by December 31, 2014.

In light of the extension of the discovery completion date, and because defendant may conclude that the anticipated additional

discovery will impact its pending motion for summary judgment, defendant's *Motion for Summary Judgment*, ECF 32, is **DISMISSED AS MOOT.** The date by which dispositive motions may be filed is **EXTENDED** to February 2, 2015.


October 20, 2014                             *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge

11