UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

       Plaintiff,

  v.

OHIOHEALTH CORPORATION d/b/a
RIVERSIDE METHODIST HOSPITALS,

       Defendant.

Case No. 2:13-cv-780
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

On August 6, 2013, Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), filed a complaint alleging that Defendant, OhioHealth Corporation ("OhioHealth"), failed to provide Laura Stone with a reasonable accommodation for her purported disability and then terminated her because of that disability.  (ECF No. 1.)  Thereafter, on February 2, 2015, OhioHealth filed a motion for summary judgment in which, among other arguments, OhioHealth asserted that the EEOC had failed to satisfy all conditions precedent to the filing of this action.

In working on the summary judgment motions, this Court recognized that the issue of whether the EEOC had satisfied the conciliation condition precedent was a threshold issue and not, as OhioHealth suggested, a secondary, alternative issue for consideration should the Court not grant summary judgment for OhioHealth on the underlying merits.  If the EEOC had failed to satisfy the condition precedent, then this Court should not consider first the merits and then potentially move to the conciliation issue; such an approach puts the cart before the horse.  Consequently, on June 18, 2015, the Court held a telephone status conference with the parties to

1

address the dispute over whether a statutorily mandated conciliation effort had occurred. (ECF No. 84.) The EEOC contends that conciliation efforts took place, while OhioHealth asserts that the EEOC failed to fulfill its statutory duties. As a result of discussions held during that conference, this Court permitted supplemental briefing. (ECF Nos. 85, 86.)

Having considered all of the relevant briefing, as well as the arguments made by counsel during the June 18, 2015 telephone status conference, this Court concludes that the EEOC has failed to engage in good faith conciliation efforts.

The United States Supreme Court has recognized that once the EEOC "finds reasonable cause [to believe that discrimination occurred], it must first 'endeavor to eliminate [the] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.' " *Mach Mining, LLC v. E.E.O.C.*, 135 S. Ct. 1645, 1649 (2015) (quoting 42 U.S.C. § 2000e-5(b)). The Supreme Court did not characterize the statutory conciliation provision as an aspirational activity. Rather, the Supreme Court explained that the statutory "language is mandatory, not precatory." *Id.* at 1651. Consequently, "[b]efore suing an employer for discrimination, the [EEOC] *must* try to remedy unlawful workplace practices through informal methods of conciliation." *Id.* at 1649 (emphasis added). This is because "[t]he statute *demands* . . . that the EEOC communicate in some way (through 'conference, conciliation, and persuasion') about an 'alleged unlawful employment practice' in an 'endeavor' to achieve an employer's voluntary compliance." *Id.* at 1655 (emphasis added).

A failure to engage in attempted conciliation matters because "the duty [the statutory scheme] imposes serves as a necessary precondition to filing a lawsuit. Only if the Commission is 'unable to secure' an acceptable conciliation agreement—that is, only if its attempt to

2

conciliate has failed—may a claim against the employer go forward." *Id.* at 1651. It is well settled that in order satisfy the conciliation condition precedent to suit, the EEOC must perform two basic acts.

First, "the EEOC must inform the employer about the specific allegation, as the Commission typically does in a letter announcing its determination of 'reasonable cause.' Such notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result." *Id.* at 1655-56 (citation omitted). There does not appear to be any dispute over whether the EEOC has satisfied the first required act.

Second, "the EEOC must try to engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice." *Id.* at 1656. There is a dispute over whether the EEOC has satisfied the second required act so as to in turn satisfy the statutory directive to attempt to engage in conciliation proceedings.

The Supreme Court has explained that when conciliation is at issue, "[a] sworn affidavit from the EEOC stating that it has performed [its conciliation] obligations . . . but that its efforts have failed will usually suffice to show that it has met the conciliation requirement." *Id.* The EEOC adopts that approach here. The agency has presented this Court with a declaration by an EEOC District Director in which the declarant states that the EEOC issued a determination finding reasonable cause to OhioHealth on September 15, 2011. (ECF No. Lewis Decl., at Page ID # 3057 ¶ 5.) That determination letter provided that "the Commission now invites the parties to join with it in reaching a just resolution of this matter. In this regard, conciliation of this matter has now begun." (ECF No. 85-3, at page ID # 3060.) The declarant then states that

3

"[b]etween September 15, 2011 and October 14, 2011[,] the EEOC engaged in communications with OhioHealth to provide OhioHealth with the opportunity to remedy the discriminatory practices described in the Letter of Determination. These communications included sending OhioHealth a conciliation proposal which Defendant rejected." (ECF No. 85-1, at Page ID # 3057 ¶ 6.) Finally, the declarant states that "[a]fter telephone conferences regarding OhioHealth's counterproposal and its final offer, the EEOC concluded that further efforts in conciliation would not result in the Commission being able to secure from OhioHealth a conciliation agreement acceptable to the Commission." (Id. ¶ 7.) The EEOC therefore sent OhioHealth an October 14, 2011 letter stating that conciliation efforts had not been successful. (Id. ¶ 7; ECF No. 85-4, at Page ID # 3061.)

The declaration and its attachments—the bookend letters declaring the conciliation process open and then closed—are not necessarily dispositive of today's dispute. This is because the Supreme Court has held:

> If . . . the employer provides credible evidence of its own, in the form of an affidavit or otherwise, indicating that the EEOC did not provide the requisite information about the [discrimination] charge or attempt to engage in a discussion about conciliating the claim, a court *must* conduct the factfinding necessary to decide that limited dispute.

*Mach Mining, LLC*, 135 S. Ct. at 1656 (emphasis added). Tracking this approach, OhioHealth has presented this Court with a declaration of its own, coming from its former counsel. (ECF No, 58-5, Houghton Decl., at Page ID # 897 ¶ 2.) The crux of this declaration is that the EEOC presented its demand as a take-it-or-leave-it proposition, failed to provide information requested

4

by OhioHealth, demanded a counteroffer, and then declared conciliation efforts to have failed despite OhioHealth's having made it clear that it was ready and willing to negotiate.

In a motion to strike, the EEOC argues that this Court should not reach the merits of the conciliation dispute because OhioHealth waited too long to raise the purported deficiency. This waiver argument essentially treats a failure to attempt conciliation as an affirmative defense, but it is a condition precedent. *See Gad v. Kansas State Univ.*, No. 14-3050, 2015 WL 3389211, at *8 (10th Cir. May 27, 2015). There is no apparent requirement that OhioHealth had to raise the conciliation dispute before it did, and there is no basis here for deeming the issue waived.

The EEOC next argues that this Court must not consider much of the Houghton declaration because it delves into confidential information concerning the nature of the conciliation exchanges. At the same time, however, the EEOC has submitted the Lewis declaration, which provides in part that "[a]fter telephone conferences regarding OhioHealth's counterproposal and its final offer, the EEOC concluded that further efforts in conciliation would not result in the Commission being able to secure from Defendant a conciliation agreement acceptable to the Commission." (ECF No. 85-1, at Page ID # 3057 ¶ 7.)

The EEOC's summary of the conciliation efforts arguably invites this Court to push the limits of the narrow judicial review of conciliation contemplated by the Supreme Court in *Mach Mining, LLC*. Granted, that case provided only rudimentary guidelines for how a district court can engage in the mandated "factfinding necessary to decide" a conciliation dispute, 135 S. Ct. at 1656, while at the same time conducting a "relatively barebones review" contemplated by the

5

Supreme Court, *id.* But the Supreme Court noted a court will not run afoul of the 42 U.S.C. § 2000e-5(b) non-disclosure provision when "a court looks only to whether the EEOC attempted to confer about a charge, and not to what happened (*i.e.*, statements made or positions taken) during those discussions." *Id.* The EEOC's assertion that OhioHealth had presented a rejected final offer is at least a general position taken (this is a final offer), leaving the details of the specific position taken (the offer) undisclosed.

Three comments are warranted. First, the EEOC specifically contends that a final offer was made. (ECF No. 85-1, at Page ID # 3057 ¶ 7.) Second, the Houghton declaration offered by OhioHealth specifically denies that a final offer was made. (ECF No. 58-5, at page ID # 899 ¶ 8.) Third, this conflict hardly suggests that conciliation efforts were unsuccessful or clear—and it possibly suggests that the EEOC was not even aware of OhioHealth's position when the EEOC declared that position dispositive of the conciliation effort. Or it might even suggest that the EEOC was engaged in the production of bookend letters that failed to reflect a good faith conciliation effort. All of this supports finding the conciliation condition precedent unsatisfied because if the proceedings were for appearances only, then there never was a real attempt to engage in conciliation as the law requires.

But even if the Court should not consider the final offer dispute in the course of its limited judicial review, regardless of whether the EEOC has opened the door to that dispute (if it was not a permissible part of this Court's inquiry to begin with), a second reason exists for finding the conciliation condition precedent unsatisfied. The EEOC's determination letter indicated that a commission representative would prepare a dollar amount that includes lost

wages and benefits, applicable interest, and any appropriate attorney fees and costs.  Nothing that the EEOC has submitted to this Court in its declaration or the attachments indicates that this was ever done.  A conciliation agreement was apparently proposed to OhioHealth, but OhioHealth has presented evidence that neither that proposed agreement nor anything else included the commission representative's amount calculation.

Absent disclosure of this calculation to OhioHealth, the conciliation process could have been nothing but a sham.  The calculation would necessarily inform if not outright shape the parties' positions, and in the absence of such information the EEOC can hardly be said to have "give[n] the employer an opportunity to remedy the allegedly discriminatory practice." *Mach Mining, LLC*, 135 S. Ct. at 1656.  The Supreme Court has stated that "conference, conciliation, and persuasion" as used in § 2000e-5(b) "necessarily involve communication between parties, including the exchange of information and views." *Id.* at 1652.  But an unsupported demand letter such as the one involved here alone cannot logically constitute an attempt to inform and engage in the conciliation process.  The bookend letters involved here, similar to the bookend letters that failed in *Mach Mining, LLC*, "do not themselves fulfill the conciliation condition." *Id.* at 1653.  This is not to say that the bookend letters before this Court suggest an *insufficient* effort at conciliation; rather, the evidence suggests *no actual attempt* at conciliation.

As the Supreme Court has explained, "the point of judicial review is . . . to *verify* the EEOC's say-so—that is, to determine that the EEOC actually, and not just purportedly, tried to conciliate a discrimination charge." *Id.*  Given the foregoing, this Court concludes that the EEOC has failed to show that it met the conciliation requirement.

7

This conclusion leads to the issue of what remedy is appropriate.  OhioHealth in its briefing suggests that the Court lead conciliation talks, but that suggestion misunderstands this Court's prior offer to assist the parties in settlement discussions extrinsic to conciliation.  This Court must remain outside the necessary conciliation efforts because, as the Supreme Court has held, "[s]hould the court find in favor of the employer [on the conciliation issue], the appropriate remedy is to order the EEOC to undertake the mandated efforts to obtain voluntary compliance." *Mach Mining, LLC*, 135 S. Ct. at 1656.  Therefore, the Court **ORDERS**:

(1) This Court **VACATES** the June 30, 2015 final pretrial conference.

(2) The Court **STAYS** this action for sixty days and **ORDERS** the EEOC to engage in a good faith conciliation effort with OhioHealth during that period of time.  *See* 42 U.S.C. § 2000e-5(f)(1).

(3) The Clerk shall **TERMINATE** the pending motions as moot while the parties engage in conciliation efforts.  (ECF Nos. 58, 59 69, 81.)  This Court will reactivate the motions if necessary should conciliation fail.

(4) The Clerk shall **ADMINISTRATIVELY CLOSE** this case during the stay.  If conciliation fails, the parties must notify the Court within seven business days from the date of the end of the conciliation efforts so that this Court can schedule a telephone status conference to discuss reactivation of the case with the parties.

In light of today's order to engage in good faith conciliation efforts, a cautionary notice is in order.  During the June 18, 2015 telephone status conference, the EEOC's counsel represented to the Court that it was the EEOC's policy, as well as counsel's policy, that because the EEOC

8

had filed a complaint, only a public resolution would be possible. In other words, counsel explained, the EEOC simply would not reach a private resolution via conciliation.

This policy or position is of course contrary not only to the purpose of the workplace discrimination statutes upon which the EEOC bases this case, but it is also directly contrary to the holding of *Mach Mining, LLC*. In that case, the United States Supreme Court expressly endorsed implementing a stay and ordering conciliation efforts when the EEOC has failed to engage in conciliation efforts before filing suit. The EEOC's position that resolution via conciliation is now impossible ignores controlling precedent. This appears to continue to be the EEOC's position even after the telephone status conference, given that the EEOC's supplemental brief provides that "[w]hile [the] EEOC remains willing to amicably resolve its litigation, a public resolution is the only way it is willing to do so." (ECF No. 85, at Page ID # 3054.)

The EEOC's position is ridiculous. It defies the statutory scheme, binding case law, this Court, and common sense. Accordingly, if the EEOC continues down this dangerous path and fails to engage in good faith efforts at conciliation as ordered, this Court will impose any or all consequences available, including but not limited to contempt and dismissal of this action for failure to prosecute.

**IT IS SO ORDERED.**

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

9